

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00120-CR

---

CHELSEA RENEA TUCKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 085747-D-CR, Honorable Steven Denny, Presiding

---

July 7, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Chelsea Renea Tucker, appeals from her conviction for robbery, a second-degree felony, for which she was sentenced to six and one-half years of confinement. She presents nine issues, which we construe as two: whether the trial court reversibly erred in denying her oral motion for continuance, and whether the trial court abused its discretion in denying her motion to exclude, and later admitting, evidence the State disclosed eight days before trial. We affirm.

## BACKGROUND

A grand jury indicted Appellant on June 13, 2024, for the robbery of an assistant manager of an Amarillo liquor store. Five months later, on November 14, 2024, Appellant filed a formal request under Article 39.14 of the Texas Code of Criminal Procedure, which directs the State to produce discoverable evidence as soon as practicable. *See* TEX. CODE CRIM. PROC. art. 39.14(a). On April 2, 2025, Appellant filed a motion to exclude evidence, alleging that on March 31, eight days before trial, the State produced eight items of pertinent, inculpatory video and written evidence that had been in its possession for nearly a year, and for more than four months after Appellant filed her Article 39.14 request.

At a hearing on the motion five days before trial, counsel disclosed that the evidence consisted of four videos and two text files, including surveillance video from the complainant's business and emails from the Amarillo Police Department. Counsel confirmed he had already viewed the videos and described them as inculpatory. Discussion at the hearing revealed that only two of the four surveillance videos would be used at trial, and that they were approximately twenty seconds and four minutes long. Counsel argued that the timing of disclosure "greatly affected [his] ability to properly deal with th[e] case," and that he needed further time to review the evidence with Appellant. The trial court denied the motion to exclude, after which counsel orally requested a continuance. The trial court denied the continuance as well.

On April 7, 2025, before voir dire, Appellant re-urged the motion to exclude but did not renew her continuance request.[1]  The trial court again overruled the motion.  When the State later offered the surveillance videos at trial, Appellant objected on the same grounds.  The trial court overruled the objection and admitted the videos.  The jury convicted Appellant, and the trial court sentenced her in accordance with the jury's punishment verdict.

## ANALYSIS

A defendant who moves orally, and without oath, for a continuance forfeits any complaint about the trial court's ruling.  *Parker v. State*, 727 S.W.3d 38, 64 (Tex. Crim. App. 2025).  Appellant's request was both oral and unsworn.  She therefore forfeited review of the trial court's denial.  We overrule Appellant's first issue.

Appellant's remaining issues each concern the trial court's denial of her motion to exclude and its later admission of the same evidence over her objection.  We treat them as a single question: whether the trial court abused its discretion in declining to exclude the challenged evidence.

Article 39.14 of the Texas Code of Criminal Procedure directs the State to produce, as soon as practicable after a timely defense request, offense reports, designated documents, witness statements, and other tangible evidence not otherwise privileged that is material to any matter in the case and within the possession, custody, or control of the State or a person under contract with the State.  TEX. CODE CRIM. PROC. art. 39.14(a).

---

[1] Although the police report was not admitted and is not before this Court, defense counsel confirmed that the report referenced the videos at the suppression hearing.

The Court of Criminal Appeals has construed "as soon as practicable" to mean "as soon as it is capable of being accomplished or feasible." *State v. Heath*, 696 S.W.3d 677, 700–01 (Tex. Crim. App. 2024). The State's obligation extends to items held by any component of the State, including law enforcement, and does not turn on whether the prosecutor personally possesses the item. *Id.* at 700–01.

When the State fails to comply, the trial court has discretion either to exclude the untimely evidence or to grant a continuance. *Id.* at 707–08. That discretion is abused only when the ruling falls outside the zone of reasonable disagreement. *Id.* We apply a bifurcated standard of review, deferring almost completely to the trial court's determinations of historical fact, *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018), and reviewing de novo the legal significance of those facts, *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 35 (Tex. Crim. App. 2017). We view the evidence in the light most favorable to the trial court's ruling. *State v. Garcia*, 569 S.W.3d 142, 152–53 (Tex. Crim. App. 2018). Where the trial court makes no explicit findings, we presume implicit findings supported by the record. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We uphold the ruling under any applicable theory of law, *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018), and reverse only when the ruling is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id*.

Appellant likens her case to *Heath*, where the State failed to produce a 911 audio recording until six days before trial. 696 S.W.3d at 683–85. The trial court there excluded the recording, and the Court of Criminal Appeals affirmed, holding that exclusion was not an abuse of discretion. *Id.* at 707–08. Our task is the inverse. We do not ask whether

excluding the evidence would have been a permissible exercise of discretion. We ask whether it was an abuse of discretion not to exclude it. *Id.*

The circumstances here also differ from those in *Heath*. There, the existence of the 911 recording surfaced only days before trial, and nothing in the record put the defense on prior notice of it. *Id.* at 684. Here, the surveillance videos were referenced in the officers' offense reports, which the State produced to Appellant before her November 14, 2024 discovery request. Appellant thus had notice of the videos' existence months before trial, even if the videos themselves were not delivered to counsel until March 31, 2025.

Appellant also has not demonstrated the sort of prejudice that would place the trial court's ruling outside the zone of reasonable disagreement. *See Hernandez v. State*, 610 S.W.3d 106, 115 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) ("The defendant must still carry his burden of proving that he was prejudiced."). Appellant's counsel argued only that the timing "greatly affected" his ability to "deal with the case," without elaboration. The record does not indicate how, or to what degree, the timing hampered the defense. Nothing shows whether plea negotiations were pending, whether they continued after disclosure, or whether disclosure altered their course. *See Burton v. State*, 694 S.W.3d 892, 899 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd). Appellant does not argue that the timing prevented her from developing exculpatory or impeachment evidence, from cross-examining witnesses, or from presenting her case. Nor does the record suggest that the evidence was too voluminous to review in the time available. The two videos offered at trial totaled approximately four and one-half minutes, and counsel confirmed at the April 2 hearing that he and Appellant had already reviewed them. The

trial court could reasonably have concluded that Appellant suffered little to no actual prejudice from the timing of disclosure. *See Burton*, 694 S.W.3d at 899; *see also Alvarado v. State*, No. 07-24-00323-CR, 2025 Tex. App. LEXIS 6370, at *9 & n.8 (Tex. App.—Amarillo Aug. 20, 2025, no pet.) (mem. op., not designated for publication).

We do not take lightly the State's failure to produce this evidence as soon as reasonably practicable, as the Legislature has commanded. *See* TEX. CODE CRIM. PROC. art. 39.14(a). We urge greater diligence in the timely production of discovery. On this record, however, we cannot say the trial court's ruling was arbitrary, unreasonable, or outside the zone of reasonable disagreement. We overrule Appellant's remaining issues.

### CONCLUSION

We affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.